UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARIANO AYALA GARCIA,
Plaintiff,
v.
OCWEN LOAN SERVICING, LLC,
Defendant

Case No.: C 10-0290 PVT

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

On May 4, 2010, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendant's Motion to Dismiss. Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that Defendant's motion is GRANTED IN PART and DENIED IN PART. Defendant's motion to dismiss is granted as to Plaintiff's first cause of action, with leave to amend, because Plaintiff has not alleged any untrue representations of past or existing fact that was made by any of Defendant's employees or agents. Defendant's motion is denied as to Plaintiff's second and third causes of action because Plaintiff's allegations are sufficient.

## I. LEGAL STANDARDS ON MOTION TO DISMISS

### A. DISMISSAL FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. Dismissal is warranted where the complaint lacks a cognizable legal

theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Dismissal is also warranted where the complaint presents a cognizable legal theory, but fails to plead facts essential to that theory. *See Robertson*, 749 F.2d at 534. While a complaint does not need detailed factual allegations:

> "[a] plaintiff's obligation to provide 'grounds' of his 'entitle(ment) to relief' requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *see also* FED.R.CIV.PRO. 8(a)(2) & (e).

**B. LEAVE TO AMEND**

Leave to amend must "be freely given when justice so requires." Fed.R.Civ.P. 15(a). This policy is applied with "extraordinary liberality." *See Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). "[T]here exists a presumption under Rule 15(a) in favor of granting leave to amend." *See Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

## II. PLAINTIFF'S COMPLAINT

The allegations of Plaintiff's complaint that are pertinent to this motion can be summarized as follows.[1]

Plaintiff was the owner of a home in Hollister, California, which Defendant sold at a trustee's sale on November 17, 2009. Prior to the sale, Plaintiff had applied to Defendant for a loan modification (through an agent who was authorized to act on his behalf). On at least two occasions prior to the sale of the home, Defendant had cancelled the trustee's sale to allow time for processing Plaintiff's loan modification request. Defendant asked Plaintiff to submit various documents in connection with the loan modification request, and, on or before October 13, 2009, Plaintiff's agent

---

[1] For purposes of this motion, all allegations in Plaintiff's complaint must be taken as true. *See Erickson*, 551 U.S. at 94 ("when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint").

faxed the requested documents to the fax number provided by Defendant. Upon receipt of the requested documents, unbeknownst to Plaintiff or his agent, Defendant routed the documents to the wrong department. Instead routing the documents to its Home Retention Department, Defendant's employee routed them to its Short Sale Department.

On October 13, 2009, Plaintiff's agent attempted to contact Defendant to confirm the documents were received. On October 14, 2009, Plaintiff's agent received a recorded message indicating documents were missing, without identifying which documents were missing. For the next several weeks, Plaintiff's agent repeatedly tried to contact Defendant to determine which documents were missing, but he was unable to speak with any of Defendant's employees. Each time he received the same recorded message.

On November 18, 2009, Plaintiff's agent was finally able to actually speak with one of Defendant's employees. That employee informed Plaintiff's agent that the home had been sold at a trustee's sale the day before. Before this phone contact, Plaintiff was never notified of the November 17, 2009, trustee's sale.

## III. DISCUSSION

### A. First Cause of Action – Negligent Misrepresentation[2]

Negligent misrepresentation is a form of deceit, the elements of which are (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce the plaintiff's reliance, (4) ignorance of the truth and justifiable reliance by the plaintiff, and (5) damages. *See Fox v. Pollack*, 181 Cal.App.3d 954, 962 (1986).

In the present case, Plaintiff has not alleged any misrepresentation of a past or existing material fact. The only allegations of "untrue" facts appear to be those in Paragraphs 36 through 42 that "Defendant and or its agents agreed to continue working for a loan modification that would be approved, which would allow Plaintiff to keep and save his home," and variouis other

---

[2] Plaintiff entitled this cause of action "Fraud (Negligent Misrepresentation)." However, at the hearing of this motion Plaintiff confirmed he was not seeking to prove actual fraud. Thus, the court deems this cause of action to be one solely for Negligent Misrepresentation and evaluates it accordingly.

representations regarding approval of his loan modification, lower interest rate, monthly payments and repayment plan. However, all of the alleged misrepresentations involve promises regarding future events rather than representations of past or existing facts.[3]

Because Plaintiff has not alleged any misrepresentation of a past or existing material fact, dismissal of his cause of action for negligent misrepresentation is warranted. However, in light of the liberal policy in favor of leave to amend, leave to amend will be granted. Any such amendment must specifically identify a misrepresentation of a past or existing material fact made by Defendant through any of its employees or agents.

**B. SECOND CAUSE OF ACTION – NEGLIGENCE**

The elements of a negligence cause of action are (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages. *See Merrill v. Navegar, Inc.*, 26 Cal.4th 465, 500 (2001).

Here, Defendant argues Plaintiff fails to allege facts showing that Defendant owed Plaintiff any duty of care. Defendant relies on *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089 (1991) for the proposition that, as a general rule, a financial institution owes no duty of care to a borrower. However, *Nymark* does not stand for the proposition that a lender *never* owes a duty of care to a borrower. On the contrary, the court in *Nymark* based its determination on the six-factor test established in *Biakanja v. Irving,* 49 Ca.2d 647 (1958). *See Nymark*, 231 Cal.App.3d at 1098-99; *see also, Osei v. Countrywide Home Loans*, --- F.Supp.2d ----, 2010 WL 727831 (E.D.Cal. Mar 03, 2010) (denying in part lender's motion to dismiss negligence cause of action based on finding that plaintiff had adequately alleged a duty on the part of a lender to make RESPA disclosures).

As the court in *Nymark* explained, in California the test for determining whether a duty of care is owed involves:

> "the balancing of various factors, among which are [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him,

---

[3] In order to state a cause of action based on a false promise, or "promissory fraud," a plaintiff must allege that the promise was made without any intent to perform the promise. *See, e.g., Lazar v. Superior Court*, 12 Cal.4th 631, 638-639 (1996); *see also*, CAL.CIV.CODE § 1710(4). Plaintiff has not alleged that Defendant did not intend to process the loan modification at the time its employees made any of the alleged representations about potential loan modification approval, lower interest rate, monthly payments and a repayment plan.

> [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm." *See Nymark*, 231 Cal.App.3d at 1098 (citations omitted).

Based on the foregoing factors, arguably owed Plaintiff a duty of care in processing Plaintiff's loan modification application, as at least five of the six factors weigh in favor of finding a duty of care.

The transaction was unquestionably intended to affect Plaintiff. The decision on Plaintiff's loan modification application would determine whether or not he could keep his home.

The potential harm to Plaintiff from mishandling the application processing was readily foreseeable: the loss of an opportunity to keep his home was the inevitable outcome. Although there was no guarantee the modification would be granted had the loan been properly processed, the mishandling of the documents deprived Plaintiff of the possibility of obtaining the requested relief.

The injury to Plaintiff is certain, in that he lost the opportunity of obtaining a loan modification and application his home was sold.

There is a close connection between Defendant's conduct and any injury actually suffered, because, to the extent Plaintiff otherwise qualified and would have been granted a modification, Defendant's conduct in misdirecting the papers submitted by Plaintiff directly precluded the loan modification application from being timely processed.

The existence of a public policy of preventing future harm to home loan borrowers is shown by recent actions taken by both the state and federal government to help homeowners caught in the home foreclosure crisis. *See, e.g.,* CAL.CIV.CODE § 2923.6 (encouraging lenders to offer loan modifications to borrowers in appropriate circumstances); *see also*, Press Release at http://gov.ca.gov/press-release/14871 ("Gov. Schwarzenegger Signs Legislation to Provide Greater Assistance to California Homeowners"), and MakingHomeAffordable.gov (describing the federal "Making Home Affordable Program").

Whether or not moral blame attaches to this Defendant's specific conduct is not clear at this

stage of the proceedings.[4] However, in light of the other factors weighing in favor of finding a duty of care, the uncertainty regarding this factor is insufficient to tip the balance away from the finding of a duty of care.

The facts alleged by Plaintiff, when viewed in light of the *Biakanja* factors, are sufficient to meet the "duty of care" pleading requirement for a negligence cause of action.

Moreover, "[t]he California legislature has determined that a person who undertakes an activity owes a duty to others to exercise ordinary care or skill." *See, Mid-Cal Nat. Bank v. Federal Reserve Bank of San Francisco*, 590 F.2d 761, (9th Cir. 1979), citing CAL.CIV.CODE § 1714. Here, by asking Plaintiff to submit supporting documentation, Defendant undertook the activity of processing Plaintiff's loan modification request. Having undertaken that task, it owed Plaintiff a duty to exercise ordinary care in carrying out the task.

### C. THIRD CAUSE OF ACTION – INJUNCTIVE RELIEF

Defendant argues that this cause of action is moot because the home has already been sold. However, read liberally, the complaint appears to enjoin not the trustee's sale, but any further sale of the home (which Defendant is alleged to have acquired at the trustee's sale or otherwise) and any attempt to evict or remove Plaintiff from the premises.[5] Thus, this cause of action is not moot on its face, and dismissal is not warranted.

## IV. CONCLUSION

Dismissal of the first cause of action, with leave to amend, is warranted because Plaintiff has not alleged any misrepresentation of a past or existing material fact. Leave to amend is granted if Plaintiff can allege such a misrepresentation (or any intent not to perform the alleged promises).

---

[4] An inference could possibly be drawn that Defendant's employees intentionally avoided responding to Plaintiff's agent, despite knowing that the outcome would be the sale of Plaintiff's house before any decision was made on his loan modification application.

[5] The court notes that the complaint, in addition to seeking a permanent injunction, appears to request a temporary restraining order and a preliminary injunction. In order to obtain any such orders, Plaintiff must file a motion pursuant to Civil Local Rule 7, and must make the showing required for such relief. *See* FED.R.CIV.PRO. 65; *see also, Sammartano v. First Judicial District Court*, 303 F.3d 959, 965 (9th Cir. 2002) ("Preliminary injunctive relief is available to a party who demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor").

Any such amended complaint must be served (by mail) and filed within 30 days of this order. Defendant shall respond to any such amended complaint within 20 days after it is filed.

Dismissal is not warranted as to the second and third causes of action because, liberally construed, each is adequate to state a cause of action.

Dated: *5/6/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge

***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***

copies mailed on *5/10/10* to:

Mariano Ayala Garcia
980 El Toro Drive
Hollister, CA 95023

*/s/ Donna Kirchner* *for*
MARTHA BROWN
Courtroom Deputy